CURTIS v. WALDRON et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. WILLS—CONSTRUCTION—VESTING REMAINDERS.
    Testator, after giving his property to his wife for life, or so long as she should remain his widow, made separate bequests to his nephews and nieces by paragraphs, each commencing, "At the death of my said wife, if she survives me, or at my death if I survive her, I give and devise." He then, by a paragraph commencing the same way, gave the residue of his property to said nephews and nieces, and by the next paragraph provided: "If any * * * of my said nephews or nieces die

before my said wife and myself, leaving a child * * * him or her surviving, such child * * * shall take * * * the share which the parent would have taken or been entitled to hereby if living; and, if any * ·* * of my said nephews or nieces shall die before my said wife and myself, leaving no child * * * surviving, the survivors * * * shall take * * * the share or shares which those so dying childless would have been entitled to if living." *Held*, that the last paragraph applied as well to the separate devises as to the residuary devise, so that the title of a nephew under his separate devise was divested by his death before testator's widow, and his share went to the survivors.

Appeal from Special Term, Saratoga county.

Action by Ella C. Curtis against Cornelius A. Waldron, surviving executor of Cornelius G. Visscher, deceased, impleaded with James N. Visscher and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Cornelius G. Visscher died in January, 1886, leaving a last will and testament, and the owner of the real estate mentioned in the fifth paragraph of said will. His will was admitted to probate on the 23d day of February, 1886. By his will he gave to his wife, Ann Visscher, certain personal property, and he also gave, devised, and bequeathed to her the use, income, and profits of all the rest and residue of his estate during her life, or so long as she should remain his widow. The fifth paragraph of his will is as follows: "At the death of my said wife, if she survives me, or at my death if I survive her, I give, and devise unto my nephew Cornelius N. Visscher, son of my brother Nanning F. Visscher, the north half of my farm situate in Clifton Park, Saratoga county, upon which I now reside (exclusive of the wood lot upon said farm); also the north half of the said wood lot. This devise is made subject, however, to the condition that he, the said Cornelius N. Visscher, pay to my niece Frances Elizabeth Van Vranken the sum of one thousand dollars within one year after he shall become entitled to the possession of the premises hereby devised to him, and which said sum I hereby make a charge and lien upon said premises. * * *" He also made gifts to one other nephew, two nieces, certain cousins, and other persons, severally, and to a church corporation. Each paragraph of the will making such gifts (except one) commences in substantially the following words: "Upon the death of my said wife if she survives me, or at my death if I survive her, I give and bequeath unto," etc. Following these several gifts are the twelfth and thirteenth paragraphs of the will, as follows:

"Twelfth. After the death of my said wife if she survives me, or at my death if I survive her, I give, devise, and bequeath unto my aforesaid nephews and nieces, to wit, Francis F. Visscher, Cornelius N. Visscher, Maria Keeler, and Frances Elizabeth Van Vranken, all of my estate of every name and nature not hereinbefore devised, bequeathed, or disposed of.

"Thirteenth. If any or either of my said nephews or nieces shall die before my said wife and myself, leaving a child or children him or her surviving, such child or children shall take and have the share which the parent would have taken or been entitled to hereby if living; and if any or either of my said nephews or nieces shall die before my said wife and myself, leaving no child or children surviving, the survivors of said nephews and nieces shall take and have the share or shares which those so dying childless would have been entitled to if living."

The persons named in the twelfth paragraph are the only nephews and nieces elsewhere named in the will. Ann Visscher died on the 9th day of April, 1902. The nephew Cornelius N. Visscher died prior to the death of Ann Visscher, and on the 31st day of December, 1899, without leaving a child or children him surviving. He left a will, which was admitted to probate on the 24th day of January, 1900. The will of Cornelius N. Visscher does not in terms refer to the premises in question. It gives and devises to his wife his right, title, and interest in and to a certain house and lot, and then gives, devises, and bequeaths to her the use, income, rents, and profits of all the rest, residue, and remainder of his real estate, or the proceeds of

sale thereof, during her life. He authorizes his executor and executrix and the survivor of them to sell and convey his real estate, and the will then continues: "From and with° the avails thereof upon and at the death of my said wife I direct said executor to pay the following legacies, to wit." Seven money legacies are then provided, after which the will continues in the following language: "And I do hereby give and bequeath said legacies, and each of them, as above mentioned, and direct that same be paid as soon as conveniently may be after the death of my said wife; provided my said real estate shall have been previously sold and conveyed; otherwise upon the sale and conveyance of said real estate, which I direct must be done within two years after the death of my said wife, and, if not sold and conveyed prior to the death of my said wife, I give to said executor the management and control thereof° until sold and conveyed as hereinabove directed." The remaining paragraph of the will is as follows: "Sixth: I give and bequeath all the rest, residue, and remainder of my estate unto the children of my brother Francis F. Visscher, and unto the child of my deceased brother, Gradus C. Visscher, share and share alike."

Phoebe J. Visscher, the wife of said Cornelius N. Visscher, survived her husband, but has since died. Ella C. Curtis, the plaintiff in this action, is the child of Gradus C. Visscher, mentioned in the sixth paragraph of the will of Cornelius N. Visscher, and defendants James N. Visscher and Eliza Palmer are children of Frances F. Visscher. also mentioned in the sixth paragraph of the will of said Cornelius N. Visscher. This action was brought by the said Ella C. Visscher, claiming that Cornelius N. Visscher, under the will of Cornelius G. Visscher, became the owner in fee of the real estate mentioned in the fifth paragraph of the will of said Cornelius G. Visscher, subject to the life estate of the said Ann Visscher, and that the title to said real estate passed under the residuary clause of the will of said Cornelius N. Visscher to herself and the defendants James N. Visscher and Eliza Palmer, and asked for the partition and sale of said real property. The surviving nephews and nieces of Cornelius G. Visscher and others are made parties defendant. The surviving nephews and nieces of Cornelius G. Visscher claim that. as Cornelius N. Visscher died prior to the death of Ann Visscher, without leaving a child or children him surviving, the real estate mentioned in the fifth paragraph of the will passed to them under the thirteenth paragraph of said will. The court construed said will in accordance with the claim of the said surviving nephews and nieces, and dismissed the complaint of the plaintiff.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

Martin T. Nachtmann, for appellant.
Charles S. Lester, for respondents.

CHASE, J. In the consideration of this will it is unnecessary to state the many general rules applicable to the construction of wills which have been so often repeated with the citation of sustaining authorities in the opinions of the courts. It is conceded that the law favors the vesting of estates, and that a gift in one part of a will cannot be subsequently taken away or cut down except by language as plain and certain as that by which the gift was provided. In the construction of a will the intention of the testator, as gathered from the whole will, must control when such intention is not in conflict with public policy, the settled rules of law, or some prohibitive statute. Putnam v. Lincoln Safe Deposit Company, 66 App. Div. 137, 72 N. Y. Supp. 968. Other than a money legacy to Cornelius N. Visscher, not subject to the life estate of the widow, the gifts in the will to the testator's nephews and nieces consist of the gift to Cornelius N. Visscher, as stated in said fifth paragraph of

the will, a similar gift of other real estate to the remaining nephew, a similar gift of other real estate to the two nieces, and the gift of the residue of the estate to the said four nephews and nieces, as provided in the twelfth paragraph of the will. The thirteenth paragraph of the will does not, in terms, confine its provisions to the shares that the nephews and nieces would take or be entitled to under the residuary provision of the will. In referring to the nephews and nieces, the word "share" is first used in a clause as follows: "Such child or children shall take and have the share which the parent would have taken or been entitled to hereby if living." The word "hereby" is not confined in its meaning to the residuary clause of the will, but clearly refers to the whole will. The words "share or shares," subsequently used in this paragraph, are subject to a like construction with the word "share" previously used therein.

We are of the opinion that the thirteenth paragraph of the will should be read the same as it would be read if the word "hereby" was stricken out and the words "by this will" were inserted in its place, and that its provisions relate to and include the gift to Cornelius N. Visscher mentioned in the fifth paragraph of the will.

Ann Visscher having outlived her husband, the testator, the time when the nephews and nieces were severally to become fully possessed or entitled to the possession of the bequests and devises to them was at the death of said widow. The remarriage of the widow would have entitled the nephews and nieces to possession of the devises to them before her death, but such right to the possession of the real estate would not have arisen by the express terms of the will, but by reason of the fact that the title to the real estate vested in the devisees subject only to the estate for the life or widowhood of Ann Visscher. Every reference in the will to the time when the legatees and devisees would have full possession and enjoyment of the bequests and devises to them refers to the death of the testator and his wife and the survivor of them. The language of the will throughout clearly shows that the death of the survivor of the testator and his wife was a point of time constantly before the mind of the testator in the preparation of his will. With this in mind, he uses the language in the beginning of the thirteenth paragraph, as follows: "If any or either of my said nephews and nieces shall die before my said wife and myself," and in so doing, it seems to us, he referred, as he had before repeatedly referred in his will, to the death of himself and wife and the survivor of them. A harmonious construction of the whole will requires that said language in the thirteenth paragraph of the will shall be construed as an equivalent statement to that so frequently used in other parts of the will, where it clearly refers to the death of the testator and his wife and the survivor of them. We do not agree with the appellant that the strict grammatical construction of the language of paragraph 13 requires any different construction. The plain language refers to a death "before my said wife and myself," which means the death of them and the survivor of them.

The title of Cornelius N. Visscher to the lands in question was always subject to be divested by his death prior to the death of Ann

Visscher. She having survived him, the complaint herein was properly dismissed. This conclusion makes it unnecessary for us to consider whether, under the will of Cornelius N. Visscher, the plaintiff was vested with such an interest in his real estate as was necessary to enable her to maintain partition.

The judgment should be affirmed, with costs. All concur; PARKER, P. J., in result.